IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DENNY CARRERO, | § | |
| | § | No. 218, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1005016313 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  March 20, 2015
Decided:  May 21, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

# **O R D E R**

This 21st day of May 2015, upon consideration of the parties' briefs, their supplemental memoranda, and the record on appeal, it appears to the Court that:

(1)    The appellant, Denny Carrero, filed this appeal from the Superior Court's summary dismissal of his second motion for postconviction relief.  The case was scheduled to be considered by the Court on the basis of the briefs on September 26, 2014.   On October 22, however, the Court stayed the appeal pending the outcome of another case before this Court, *Brown v. State* (No. 178, 2014).  This Court issued its opinion in *Brown* on January 23, 2015.[1]  The parties were directed to file supplemental memoranda addressing the applicability of

---

[1] *Brown v. State*, 108 A.3d 1201 (Del. 2015).

1

*Brown* to this case.  After careful consideration of the parties' briefs and supplemental memoranda, we conclude that Carrero's knowing and voluntary guilty plea bars the claims he now raises.  Accordingly, we affirm the Superior Court's judgment.

(2)     The record reflects that Carrero pled guilty on November 30, 2010, to one count of Trafficking in Cocaine (>100 grams) and one count of the lesser included offense of Trafficking in Cocaine (10-50 grams).  The Superior Court immediately sentenced Carrero to a total period of twenty years at Level V incarceration, to be suspended after ten years for six months at Level IV followed by eighteen months at Level III probation.  Carrero did not file a direct appeal.

(3)     Instead, on December 30, 2010, Carrero filed a motion for postconviction relief.  On January 6, 2011, he also filed a motion to withdraw his guilty plea.  On February 11, he filed a motion for modification of sentence, which the Superior Court denied on February 22.  After receiving defense counsel's affidavit and Carrero's response, the Superior Court denied Carrero's motion for postconviction relief and his motion to withdraw his guilty plea in an opinion dated June 23.[2]  Carrero did not appeal.

(4)     In March 2013, Carrero filed a second motion for modification of sentence, which the Superior Court denied, as well as a second motion for

---

[2] *State v. Carrero*, 2011 WL 2535553 (Del. Super. June 23, 2011).

postconviction relief. Carrero raised two claims in his second postconviction motion. First, he argued that the trial court erred in denying his motion to suppress the drug evidence because the police officers' search of his car and house was illegal. Second, he argued that his trial counsel was ineffective for failing to argue the suppression motion successfully. The Superior Court held that Carrero's claims were adjudicated previously in his first postconviction proceeding and that the interests of justice did not require reconsideration of these claims. This appeal followed.

(5) Carrero asserts four interrelated claims in his opening brief on appeal. Essentially, he contends that the police conducted an illegal search of his vehicle and home and that both defense counsel and the prosecutor coerced him into pleading guilty after the Superior Court erroneously denied his suppression motion.

(6) Before Carrero filed his opening brief, the State informed this Court that two individuals employed by the Office of the Chief Medical Examiner ("OCME"), who were in the chain of custody for the drug evidence in Carrero's case, had been indicted on charges arising from a criminal investigation into evidence tampering.[3] The State further informed this Court that it had no evidence

---

[3] The Court takes judicial notice that one of those individuals, James Woodson, pled guilty on May 18, 2015, to Official Misconduct and Providing Criminal History Record Information to an Unauthorized Person. The other indicted individual, Farnam Daneshgar, was tried by a jury on charges of Possession of Marijuana and Possession of Drug Paraphernalia. The State dismissed those charges on May 1, 2015, after the jury failed to reach a unanimous verdict.

that the drugs in Carrero's case had been compromised. In light of this new information, the Court stayed consideration of the briefing in Carrero's appeal pending the outcome of another appeal, *Brown v. State* (No. 178, 2014).

(7) The Court issued its opinion in *Brown* on January 23, 2015.[4] In *Brown*, among other things, we rejected the defendant's postconviction claim that he was entitled to withdraw his guilty plea based on the newly discovered evidence of misconduct at the OCME. In the context of that case, we held that Brown's knowing, intelligent, and voluntary guilty plea waived any right to test the chain of custody of the drug evidence.[5]

(8) Carrero and the State were directed to file supplemental memoranda addressing the applicability of *Brown* to this appeal. In his supplemental memorandum, Carrero argues that his guilty plea was coerced by the State's failure to disclose evidence tampering at the OCME and by his own counsel's ineffective assistance in failing to discover evidence of tampering at the OCME. Carrero asserts that he should be permitted to withdraw his plea based on this new evidence. Carrero does not address the applicability of *Brown* to his case.

(9) In its supplemental memorandum, the State asserts that the Court's decision in *Brown* controls Carrero's assertion that his guilty plea was not knowing

---

[4] *Brown v. State*, 108 A.3d 1201 (Del. 2015).

[5] *Id.* at 1205-06.

4

and voluntary because he was not informed about misconduct at the OCME. The State argues that the information about the criminal investigation into the OCME was material impeachment evidence and, under *Brown*, Carrero had "no constitutional right to receive material impeachment evidence before deciding to plead guilty."[6] By pleading guilty, Carrero "waived any right he had to test the strength of the State's evidence against him at trial, including the chain of custody of the drug evidence that he claims he was entitled to receive."[7]

(10) We agree with the State. As the Superior Court held in its denial of Carrero's first postconviction motion, the plea colloquy reflects that Carrero's guilty plea was knowing and voluntary.[8] Thus, Carrero is bound by the statements he made to the Superior Court before his plea was accepted, and he is prevented from reopening his case to make claims that do not address his guilt and involve impeachment evidence that would only be relevant at a trial.[9]

(11) Moreover, we do not reach Carrero's other claims challenging the Superior Court's ruling on his suppression motion and alleging ineffective assistance of counsel and prosecutor misconduct during the plea proceedings. As the Superior Court held in denying Carrero's second motion for postconviction

---

[6] *Id*. at 1202.

[7] *Id.*

[8] *State v. Carrero*, 2011 WL 2535553, at *2 (Del. Super. June 23, 2011).

[9] *Brown v. State*, 108 A.3d at 1206.

relief, these claims (or some restated version of them) were previously raised and rejected in Carrero's first postconviction proceeding. The claims are procedurally barred, and Carrero failed to overcome the procedural hurdles.[10]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[10] *See* Super. Ct. Crim. R. 61(i)(4), (5) (2013).